**FORT PIERCE UTILITY AUTHORITY OF the CITY OF FORT PIERCE, et al., Petitioners,**

v.

**FEDERAL ENERGY REGULATORY COMMISSION, Respondent.**

No. 75–1397.

United States Court of Appeals, Fifth Circuit.*

July 16, 1984.

Robert A. Jablon, Robert C. McDiarmid, Spiegel & McDiarmid, Washington, D.C., for Fort Pierce Utility Authority, et al.

Jerome M. Feit, Sol., FERC, Joel M. Cockrell, Washington, D.C., for Federal Energy Regulatory Commission.

David T. Harvin, Houston, Tex., R.Y. Patterson, Jr., Wm. P. Diener, Wm. V. Allison, Winter Park, Fla., Thomas F. Brosnan, Gallagher, Connor & Boland, Washington, D.C., for Florida Gas Transmission Co.

Roger F. Smith, Phil W. Jordan, Washington, D.C., for Gardiner, Inc.

David C. Murchison, R. David Bustard, Lee A. Monroe, Sidney & Austin, Washington, D.C., for Borden, Inc.

Richard S. Harrell, Howrey, Simon, Baker & Murchison, Washington, D.C., for Wenczel Tile Company.

Kent R. Morrison, Washington, D.C., Lawrence J. Manning, Danna S. Fischer, Dallas, Tex., for Basic Magnesia, Inc.

John W. Glendening, Jr., Glendening & Schmid, Washington, D.C., for Peoples Gas Company.

Ned Willis, Willis & Sackett, Perry, Iowa, for Gainesville Gas Company and Southern Gas Company.

ON PETITION FOR REHEARING AND SUGGESTION FOR REHEARING EN BANC

(Opinion February 13, 1984, 5th Cir.1984, 724 F.2d 1167)

Before CLARK, Chief Judge, THORNBERRY, and JOHNSON, Circuit Judges.

PER CURIAM:

On application for rehearing, the Federal Energy Regulatory Commission asks us to reconsider our decision for alleged conflict with that of the D.C. Circuit in *Consolidated Edison Co. v. FERC*, 676 F.2d 763 (D.C. Cir.1982), or to clarify our decision.

Reconsideration is unnecessary, for there is no conflict between our holding in *Ft. Pierce II*, 724 F.2d 1167, and the *Con Ed* decision. The D.C. Circuit stated in *Con Ed* that "there is nothing inherently inconsistent about allocating natural gas to those who are most in need of it while requiring the beneficiaries of such a plan to compensate those who must purchase more expensive alternative supplies." 676 F.2d at 767 n. 9. That court held that the Commission's decision that compensation was unnecessary was not arbitrary, where economic losses to those curtailed would be partially offset by ratemaking treatment, and where past certifications to the beneficiaries of compensation were to protect higher priority users. In *Ft. Pierce II*, we held that the Commission could not reject a compensation scheme merely on the asserted policy justification that compensation is inconsistent with end-use curtailment, when the Commission failed to demonstrate the inconsistency. Our requirement of proof that a compensation plan would significantly impede the desired end use of natural gas requires no more than that the Commission meet its obligation to articulate some specific inconsistency between compensation and end-use curtailment before relying on it as justification for denying compensation.

Our remand is not a directive to the Commission to order compensation in this

---

* Former Fifth Circuit case, Section 9(1) of Public Law 96–452—October 14, 1980.

case. Nor does it impinge upon the agency's discretion to decide to deny compensation. It is an order to give reasoned consideration to the merits of a compensation scheme. The invocation of a policy, with no support in fact or logic, does not constitute the consideration required.

The Petition for Rehearing is **DENIED** and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Federal Rules of Appellate Procedure and Local Rule 35) the Suggestion for Rehearing En Banc is **DENIED.**